## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FULLYEAR-BROTHER ENTERPRISE CO., LTD. No. 41-21, Guan Tso Street Fushing Township, Changwa County 506 Taiwan, Republic of China | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:13-1364 (___) |
| v. | ) ) | |
| Stanton Concepts, LLC 172 Stanton Road, P.O. Box 139 Stanton, NJ 08885 | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT No. 7,913,526

### PARTIES

1.     Plaintiff, Fullyear-Brother Enterprise Co. Ltd., ("Fullyear-Brother") is a Taiwanese corporation with its principal place of business at No. 41-21, Guan Tso Street, Fushing Township, Taiwan, Republic of China.

2.     On information and belief, Defendant Stanton Concepts, LLC ("Stanton") is a limited liability company with its principal place of business at Stanton, New Jersey. On information and belief, Stanton is the owner of all right, title and interest in, and to, U.S. Patent No. 7,913,526 (the "'526 Patent")(Exhibit A) which issued on March 29, 2011.

3.     The '526 Patent was filed on August 27, 2008 and names Robert Loughlin and John Loughlin as co-inventors. On information and belief Mssrs. Loughlin are principal partners of Stanton.

## JURISDICTION AND VENUE

4.      This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et. seq., seeking a declaratory judgment that no valid and enforceable claim of the '526 Patent is infringed by Fullyear-Brother. This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C.§§2201, 2202 and under 28 U.S.C.§§1331, 1338 (a).

5.      This Court has personal jurisdiction over Stanton because Stanton has: purposefully directed its activities at residents of the District of Columbia and this District; has had continuous and systematic contacts with the residents of the District of Columbia and this District; has conducted, and is, conducting business with residents of the District of Columbia and this District, such business having an effect in this District; the claims asserted arise out of and/or are related to Stanton's activities within the District of Columbia and this District, and has completed a deliberate and sophisticated nationwide pattern of threatening private parties and the U.S. federal government with infringement of the '526 Patent and other patents such that under the circumstances the assertion of personal jurisdiction over Stanton comports with traditional notions of fair play and substantial justice. Stanton regularly conducts substantial business in the District of Columbia and this District and has voluntarily availed itself of the laws and regulations of the District of Columbia and this District.

6.      In particular, Stanton has purposefully, continuously, and systematically directed its marketing, offers to sell, and sales of its products (e.g. locks and lock-related products) to residents of the District of Columbia and this District through publicly accessible web sites such as Amazon.com, and through a distributor of locks known as SecuritySnobs.com. Attached as Exhibit B are copies of advertisements for Stanton's RKS (Robo Key System) Cutaway Cam

Lock and TiGr locks sold through Amazon.com. Attached as Exhibit C are copies of Stanton's RKS (Robo Key System) Cutaway Cam Lock and other lock products sold through SecuritySnobs.com.

7.    Further, on information and belief, at least as early as 2009 Stanton entered into an agreement with a company called Pacific Lock (http://www.paclock.com/) that permits Pacific Lock to manufacture and sell versions of Stanton's OMNI-LINK™ product under the tradename PAC LINK™. On information and belief, Pacific Lock has offered to sell, sold, and continues to offer to sell and sell, the PAC LINK™ product to residents of the District of Columbia and this District, including to residents that purchase the PAC LINK™ product through a General Services Administration (GSA) contract. Having availed itself of the rights and privileges afforded by its agreement with Pacific Lock, Stanton has continuous and systematic contacts with residents of the District of Columbia and this District.

8.    Stanton has also purposefully completed other activities and communications directed at the District of Columbia and this District, and/or having effects within the District of Columbia and this District. For example, on information and belief, on or about November, 2012 Stanton communicated with an agency of the United States, and threatened to file a patent infringement lawsuit against this agency. In more detail, on information and belief, Stanton communicated with one or more individuals within the Department of Homeland Security (DHS), Transportation Security Administration (TSA) and threatened to file a patent infringement lawsuit based on the TSA's alleged violation of Stanton's US Patent No. 8,047,027 (the "'027 Patent"). On information and belief, Stanton alleged that the TSA's opening of "dual function padlocks", used on commercial airline passenger luggage, using a "pattern key" infringed the '027 Patent.

9.     Stanton explicitly directs its patent licensing activities at residents of the District of Columbia and this District. For example, Stanton's publicly available web site states, on its home page, that its "... technology is available for license" and that interested parties should contact [Stanton] at licensing@stantonconcepts.us". By clicking on a link that says "visit our patent page" residents of this District are directed to a listing of patents Stanton is offering to license, including the '526 patent (Exhibit D, home page and page listing patents for license).

10.     Venue is proper per 28 U.S.C. §1391 at least because Stanton is subject to personal jurisdiction within this District.

## BACKGROUND

11.     There is an actual case or controversy within the jurisdiction of this Court under 28 U.S.C.§§2201 and 2202.

12.     Fullyear-Brother manufactures luggage locks which it sells to customers in the United States. Fullyear-Brother has a portfolio of over twenty issued US patents covering its locks, including (i) U.S. Patent No. 8,505,343, (ii) U.S. Patent No. 8,091,391, and (iii) U.S. Patent No. 7,340,927.

13.     At least as early as March 11, 2011 John Loughlin, on information and belief, Stanton's President, contacted Mr. Johnson Chun Te Yu (hereafter "Mr. Johnson"), President of Fullyear-Brother, to advise Fullyear-Brother that the U.S. Patent & Trademark Office planned to issue the '526 Patent to Stanton on March 26, 2011. Mr. Loughlin asked Mr. Johnson to consider "exploring a licensing opportunity" under the '526 Patent (Exhibit E).

14.     Less than one month later, on April 1, 2011, Stanton's Mr. Loughlin again contacted Mr. Johnson of Fullyear-Brother to inform Fullyear-Brother that the "United States Patent Office has granted Stanton Concepts US Patent 7,913,526 for a Multiple Function

Padlock. The patented technology may be used for the "TSA Recognized" lock program and is now available for license from Stanton Concepts." (Exhibit F).

15.     On April 7, 2011 Mr. Johnson of Fullyear-Brother responded in writing to Mr. Loughlin. Mr. Johnson indicated that Fullyear-Brother "had checked all of our products, and have yet to find any products that has utilized the '526 patent. Therefore, we currently do not have the intention of acquiring the license of the '526 patent" (Exhibit G). Mr. Johnson of Fullyear-Brother further pointed out that Fullyear-Brother's locks were covered by U.S. patents and applications owned by Fullyear-Brother, including U.S. Patent Application No. 60/443, 331 (the "331 Application"). Fullyear-Brother's '331 Application was filed on January 29, 2003 and has now been issued as U.S. Patent No. 8,091,391 (Exhibit H). Yet further, Mr. Johnson indicated that Fullyear-Brother had been selling locks in the United States at least as early as November, 2002 through the Columbia Sportswear Company's catalog, which is almost six years prior to the August, 2008 filing date of Stanton's '526 Patent.

16.     In response, on April 13, 2011 Mr. Loughlin sent Mr. Johnson a written patent infringement claim chart comparing the elements of claim 1 of the '526 Patent with one of Fullyear-Brother's locks (Exhibit I, email and page 1 of claim chart). Mr. Loughlin explained that the claim chart would provide Fullyear with a "better understanding of how our '526 Patent relates to the Fullyear locks". Mr. Loughlin then repeated his request that Fullyear accept a license under the '526 Patent from Stanton. Additionally, Mr. Loughlin indicated that "....Stanton Concepts is actively marketing license agreements for the '526 patent.".

17.     By letter dated May 4, 2011 George A. Loud, Esq., of the patent law firm of Bacon & Thomas, Alexandria, Virginia responded to the April 13 patent infringement claim chart on behalf of Fullyear-Brother (Exhibit J). Mr Loud's letter states that upon analysis and

consideration, he had concluded that Fullyear-Brother's products did not infringe any of the claims of the '526 Patent. Mr. Loud also stated that Fullyear-Brother's position is that the '526 patent is invalid.

18.     By letter dated July 13, 2011, Glen M. Diehl. Esq., patent counsel representing Stanton, responded to Mr. Loud's letter (Exhibit K).  Mr. Diehl's letter states that he has "reviewed [the] claim chart" and concludes that "infringement of the '526 patent by Fullyear's lock is plainly and accurately demonstrated by the claim chart". A month later Mr. Diehl sent a second letter to Mr. Loud, once again offering to license the '526 Patent (Exhibit L).

19.     On information and belief, by letter dated September 7, 2011 Mr. Loud responded to Mr. Diehl (Exhibit M). Mr. Loud's letter provided further detail concerning the basis for Fullyear-Brother's conclusion that its products did not infringe the '526 Patent, and that the '526 patent was invalid.

20.     In June, 2013, Stanton initiated a patent infringement suit in the United States District Court for the District of New Jersey (Exhibit N, Complaint)("New Jersey lawsuit") against two of Fullyear-Brother's U.S. customers, Brookstone, Inc. ("Brookstone") and Wordlock, Inc. ("Wordlock"). On information and belief, Brookstone is a Delaware corporation having a principal place of business in Merrimack, New Hampshire, and Wordlock is a California corporation having a principal place of business in Santa Clara, California. The New Jersey lawsuit alleges that Brookstone and Wordlock "have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, claims 1-21 of the '526 Patent by manufacturing, using, importing, selling and/or offering to sell luggage locks, including the EasyCheck™BigDigit Luggage Locks and the Wordlock®Luggage Locks, and/or by inducing or contributing to the infringement of one or more claims of the '526 Patent by others."

6

21.     Claims 1-21 of the '526 Patent are directed at an apparatus described as either a "lock" (representative claim 1), or a "multiple function lock" (representative claim 14). Each of the claimed apparatuses includes multiple elements such as "a body", "a shackle..", "a first and second locking mechanism..", "a retaining structure...", etc. .

22.     On information and belief, the luggage locks that Stanton explicitly alleges infringes claims 1-21 of the '526 Patent in the New Jersey lawsuit are manufactured by Fullyear-Brother and then sold to Brookstone and Wordlock by Fullyear-Brother.

23.      As a result of the New Jersey lawsuit, both Brookstone and Wordlock have contacted Fullyear-Brother seeking defense and indemnification by Fullyear-Brother against Stanton's infringement allegations.

24.     On information and belief, Stanton is demanding unjustified payments for alleged past infringements and a royalty for a license under the '526 Patent from both Brookstone and Wordlock.

25.     Fullyear-Brother believes that the products that it manufactures and sells to its U.S. customers, including Brookstone and Wordlock, do not infringe any valid claim of the '526 Patent, and that Fullyear-Brother and its customers, including Brookstone and Wordlock, should be free to make, use, sell, offer to sell and import the products accused of infringement by Stanton.

26.     Fullyear-Brother has made its non-infringement positions known to Stanton. Fullyear-Brother has also indicated to Stanton that the '526 Patent is invalid.

27.     Upon information and belief, Stanton continues to threaten Fullyear-Brother and its customers with allegations of infringement of the '526 Patent, and, indeed continues to prosecute the New Jersey lawsuit.

28.     Based on the foregoing, there exists a substantial, actual and justiciable controversy between Stanton and Fullyear-Brother as to infringement and invalidity of the '526 Patent which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '526 Patent

29.     Fullyear-Brother hereby restates and realleges the allegations set forth in the preceding paragraphs and incorporates them herein by reference.

30.     Fullyear-Brother has not directly infringed, contributed to the infringement of, indirectly infringed, or induced others to infringe, any valid claim of the '526 Patent either literally or under the doctrine of equivalents.

## COUNT II

### Declaratory Judgment of Invalidity of the '526 Patent

31.     Fullyear-Brother hereby restates and realleges the allegations set forth in the preceding paragraphs and incorporates them herein by reference.

32.     The '526 Patent is invalid and unenforceable because, *inter alia*, the '526 Patent was not obtained in a manner consistent with, and required by, the provisions of the Patent Statutes of the United States, namely, 35 U.S.C. §§ 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Fullyear-Brother prays for judgment as follows:

a.      A declaratory judgment that Fullyear-Brother and Fullyear-Brother's customers do not infringe, contribute to the infringement of, indirectly infringe, induce infringement of, or willfully infringe, any valid claim of the '526 Patent;

b.       A declaratory judgment that each of the claims of the '526 Patent is invalid and unenforceable;

c.      Declaring that Stanton and each of its affiliates, subsidiaries, officers, employees, agents, partners, investors, successors, assigns, alter egos, attorneys, and any person in active concert or participation with them be restrained and enjoined from asserting any claim of the '526 Patent is valid and infringed by Fullyear-Brother or Fullyear-Brother's customers;

d.      Declaring the case exceptional under 35 U.S.C. §285, and awarding Fullyear-Brother its attorneys fees;

e.      That Fullyear-Brother be awarded its costs in connection with this matter; and

f.      Awarding Fullyear-Brother such other and further relief as the Court deems just and proper.

Dated: September 10, 2013

By:   /John E. Curtin/
    John E. Curtin, Esq.
   (D.C. Bar No. 448140)
    625 Slaters Lane, 4th Floor
   Alexandria, Virginia 22314
   Ph:(703)683-0500, F:(703)683-1080

   Felix J. D'Ambrosio, Esq.
   (D.C. Bar No. 131243)
   BACON & THOMAS
   625 Slaters Lane, 4th Floor
   Alexandria, Virginia 22314
   Phone:  (703) 683-0500
   Fax:  (703) 683-1080

   Attorneys for Plaintiff
FULLYEAR-BROTHER ENTERPRISE CO., LTD.